IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00567-BNB

HENRY STONE,

Applicant,

v.

KEVIN MILYARD, SCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Henry Stone, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Stone initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his criminal convictions and sentences in two state court cases in the El Paso County District Court. Mr. Stone also has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. That motion will be granted. On March 27, 2009, Mr. Stone filed on the proper form an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

The court must construe the amended application liberally because Mr. Stone is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons

stated below, Mr. Stone will be ordered to file a second amended application for a writ of habeas corpus.

The court has reviewed the amended application and finds that it is deficient because Mr. Stone fails to provide a clear statement of his claims with specific factual support. In fact, Mr. Stone fails to allege any facts in support of the three claims he asserts in the amended application. Instead, Mr. Stone refers to various attachments in support of his claims even though the amended application does not include any attachments. Mr. Stone did include a number of attachments with his original application, but it is not clear if those are the attachments to which Mr. Stone is referring. In any event, even if the court were to consider the documents attached to the original application, those attachments still do not provide a clear statement of the three claims Mr. Stone raises in the amended application.

Therefore, Mr. Stone will be ordered to file a second amended application in which he alleges, clearly and concisely, the specific claims for relief he is asserting in this action. Mr. Stone is advised that he must provide specific factual support for each claim in the second amended application because Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires an applicant in a habeas corpus action to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that the "Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" filed on March 6, 2009, is granted. It is

FURTHER ORDERED that Mr. Stone file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Stone, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Stone fails within the time allowed to file a second amended application as directed, the action will be dismissed without further notice.

DATED April 1, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00567-BNB

Henry Stone
Prisoner No. 49342
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 forms** to the above-named individuals on 4/1/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk